---

Stephanie I. Sprecher WSB #6-2988
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY   82602-5010
307-261-5434 (phone)
307-261-5471 (fax)
stephanie.sprecher@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal No.   12-CR-245-J |
| **MARVIN LESLIE IVERSON,** | ) ) ) | |
| Defendant. | ) | |

**NOTICE OF INTENT TO OFFER EVIDENCE**

The United States of America hereby gives notice to the Defendant, Marvin Leslie Iverson that the Government may use evidence at trial as "intrinsic evidence" or which may implicate Rule 404(b), Federal Rules of Evidence.

**I.   Evidence at Issue**

The superseding indictment in this case charges the Defendant with violating 18 U.S.C. § 1344 (bank fraud).  The dates of the alleged acts occurred between April 7, 2012, and September 24, 2012 [Doc. 47].  The United States intends to use evidence and information regarding the Defendant's acts occurring during the time period charged in the superseding indictment as follows:

1. Check number 1002 dated June 5, 2012, tendered to First Interstate Bank in the amount of $40, 284.00, issued from a Bank of the West checking account number 014531624 in the name of Calli O. Kelley and purported to pay a loan acquired by the Defendant.

2. Check number 1170 dated June 22, 2012, tendered to Big Horn Federal Savings Bank in the amount of $17,698.00, issued from the First Interstate Bank checking account #1805219787 in the name of Marvin L. Iverson. (Charged in the Superseding Indictment)

3. Check number 1171 dated June 22, 2012, tendered to Big Horn Federal Savings Bank in the amount of $9,680.00, issued from First Interstate Bank checking account #1805219787 in the name of Marvin L. Iverson,. (Charged in the Superseding Indictment)

4. Check number 1123 dated August 18, 2102, tendered to Chase Bank in the amount of $369,300.00, issued from the First Interstate Bank checking account #1805219787 in the name of Marvin L. Iverson. (Charged in the Superseding Indictment)

5. Check number 1124 dated August 20, 2012, tendered to Big Horn Treasurer Property Taxes in the amount of $2,286.47, issued from the First Interstate Bank checking account #1805219787 in the name of Marvin L. Iverson.

6. Check number 1125 dated August 20, 2012, tendered to Big Horn Treasurer Sales Taxes in the amount of $4,016.32, issued from the First Interstate Bank checking account #1805219787 in the name of Marvin L. Iverson.

7.      Capitol One Visa account records for the time period April 2012, through and including January 11, 2013, for account number 4802138944568500 in the name of Marvin Iverson/ Marv's Meat Processing.

8.      Wells Fargo Bank records for automobile loan, account number 8971123348, in the name of Marvin Iverson.

9.      First Interstate Bank records for automobile loan, account number 9904519935, in the name of Marvin L. Iverson and Linda J. Iverson.

## ARGUMENT

**A. Intrinsic Evidence**

The evidence listed above is so similar to the events transpiring between the periods of time charged in the superseding indictment and is such strong evidence that it can be fairly characterized as "intrinsic" to the charge containing in the superseding indictment and subject to a Rule 404(b) analysis.   "It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged."   *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir.1997). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."   *United States v. Lambert,* 995 F.2d 1006, 1007 (10th Cir. 1993).

**B.   Rule 404(b) Analysis**

However, if the court rejects an "intrinsic evidence" analysis, the evidence proffered is admissible under Rule 404(b) to establish the Defendant's intent.

The admissibility of other act evidence is governed by Rule 404(b) of the Federal Rules of Evidence.   Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or acts to prove the

character of a person in order to show action in conformity with that character. Federal Rules of Evidence, 404(b). This evidence may be admitted, however, for other purposes, such as demonstrating proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident on the part of the defendant. *Id.*

Rule 404(b) is a rule of inclusion rather than a rule of exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial. *United States v. Simpson*, 152 F.3d 1241, 1249 (10th Cir. 1998), *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997), *cert. denied*, 523 U.S. 1024 (1998). A court's decision to exclude [or include] evidence under Rule 404 (b) is subject to an abuse of discretion standard. *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000). See also *United States v. Kravchuk*, 335 F.3d 1147, 1156 (10th Cir. 2003).

The Supreme Court of the United States has determined that evidence of prior bad acts is admissible if the party against whom the evidence is offered is protected from unfair prejudice. *Huddleston v. United States*, 485 U.S. 681, 691-692 (1988). The Tenth Circuit has developed the following four-part test for determining whether evidence of other acts is admissible:

(1) the evidence must be proffered for a proper purpose;

(2) the evidence must be relevant;

(3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and

(4) the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted.

*United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002); *Simpson*, *supra*; *Seigen* at 1023.

### C. Rule 403 Analysis

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Evidence is unfairly prejudicial if "it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 19 99). Exclusion of evidence under Rule 403 that is otherwise admissible "is an extraordinary remedy and should only be used sparingly." *Id*. at 949.

There is no denying that the proffered evidence is prejudicial to the Defendant. There is also no denying that the evidence is highly relevant as probative of intent and knowledge. Rule 403 does not exclude relevant evidence because it is prejudicial. Rather, this Court should only exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or a potential to mislead the jury, and it should do so only in "extraordinary" circumstances. *Rodriguez*, 192 F.3d at 949. Here, the government must prove the Defendant's intent. Where the government must prove intent, evidence tending to establish intent is highly relevant and rarely unfairly prejudicial. *United States v. Robles*, 434 Fed. Appx. 736, 741 (10th Cir. 2011).

Because the designated evidence is so similar to defendant's alleged misconduct, it can be fairly characterized as "intrinsic" to the charge containing in the superseding indictment. However, should the court not consider the evidence "intrinsic" the United States would offer the proffered evidence because this information goes directly to show the Defendant′s intent,

5

knowledge and lack of accident or mistake in this matter. The proffered evidence falls into the time period in which the Defendant is charged and is part and parcel of the crime charged.

The probative value is not substantially outweighed by danger of unfair prejudice and this court can give the appropriate limiting instructions to ensure the jury utilizes its content properly. The United States respectfully requests that the court receive the proffered evidence at trial.

DATED this 21st day of July, 2014.

                                            Respectfully submitted,
                                            CHRISTOPHER A. CROFTS
                                            United States Attorney


By:      /s/ *Stephanie I. Sprecher*
         STEPHANIE I. SPRECHER
         Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of July, 2014, I served true and correct copies of the foregoing **Notice of Intent to Offer Evidence Pursuant to Rule 404(b)** upon James H. Barrett via CM/ECF and upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Marvin L. Iverson**
C/O Scotts Bluff County Adult Detention Center
P.O. Box 130
Gering, NE 69341

          /s/ *Lisa Wait*
UNITED STATES ATTORNEY'S OFFICE