Stephanie I. Sprecher WSB #6-2988
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY   82602-5010
307-261-5434 (phone)
307-261-5471 (fax)
stephanie.sprecher@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Criminal No.     12-CR-245-J** |
| | ) | |
| **MARVIN LESLIE IVERSON,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION IN *LIMINE* TO EXCLUDE CERTAIN TESTIMONY AND EXHIBITS

COMES NOW the United States of America, by and through its attorney, Stephanie I.

Sprecher, Assistant United States Attorney for the District of Wyoming, files it's Motion in *Limine*

to Exclude Certain Testimony and Exhibits, and in support states the following:

## BACKGROUND

On September 25, 2012, the United States filed a criminal complaint against the Defendant

for bank fraud in violation of 18 United States Code, Section 1344.   On November 14, 2012, a

Federal Grand Jury in the District of Wyoming returned an Indictment charging the Defendant

with one count of bank fraud.   On March 21, 2013, a Federal Grand Jury in the District of

Wyoming returned a Superseding Indictment charging the Defendant with one count of bank fraud

based upon additional evidence that came to light after the Indictment was returned in November 2012.

Starting in April 2012, the Defendant, began his scheme to defraud banks by issuing checks to various banks to pay off existing debts.   These checks were written on a closed bank account and in the memo line on each check was written, "EFT ONLY for discharge of debt".   In addition, on the back of each check was written: "NOT FOR DEPOSIT, EFT ONLY, For discharge of debt, Marvin Leslie Iverson (signature), authorized representative . . ., Without Recourse."

## **ARGUMENT**

A defendant who associate with sovereign citizens or tax defier movement often attempt to introduce different types of legal and pseudo-legal materials, including copies of federal court decisions, statutes, and regulations.    It is unknown if the Defendant will make these attempts, however in an abundance of caution the government brings this motion in *limine*.

Although a good faith misunderstanding of his duty under the law may be a defense, a disagreement with the law is not since one has to know what the law is in order to disagree with it. *United States v. Cheek*, 498 U.S. 192, 201-202 (1991).   The Defendant is not permitted to blur the line between factual evidence about his state of mind and the actual law. *See* Fed. R. Evid. 103(c).   Moreover, if the Defendant interjects into the proceedings his disagreements with the law, the Supreme Court in *Cheek* indicated that it would be proper for the Court to issue an instruction to disregard them.   *Cheek*, 498 U.S. at 206.

In addition, exhibits, testimony, and arguments that cite the law, constitute incorrect statements of the law, and invade the province of the Court to instruct the jury on the law should be

excluded.   Such evidence will confuse the jury as to their true role of determining the factual

issues before them as opposed to making determinations on the law. The Defendant should also be

precluded from offering evidence that is irrelevant, designed to confuse the jury, or constitutes

speculation from witnesses regarding the contents of the Defendant's mind.

**A.      Defendant Should Be Precluded from Offering Evidence that Cites the Law,
           Constitutes Incorrect Interpretations of the Law, or Invades the Province of the
           Court to Instruct the Jury on the Law.**

Copies of statutes, legal treatises, case law, and documents that include citations to the

law or that attempt to interpret the law should be excluded from evidence in this case.

Introduction of such evidence through documents or witnesses would invade the province of the

court to instruct the jury regarding the law. *United States v. Garber*, 589 F.2d 843, 849 (5th Cir.

1979) ("The law is neither introduced as evidence nor presented through witnesses at trial").

It is well-established that "[i]n our judicial system the court instructs the jury on the

applicable law, and directs the jury to determine the facts from the evidence and to apply the law

as given by the court to those facts. *United States v. Graber*, 589 F.2d at 849.   The Court should

determine the applicable law and so instruct the jury.   "It is within the sole province of the court

'to determine the applicable law and to instruct the jury as to that law.'" *United States v. Hill*,

167 F.3d 1055, 1069 (6th Cir. 1999) (quoting *In re Air Crash Disaster*, 86 F.3d 498, 523 (6th

Cir. 1996); *see also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) ("It is the district

court's peculiar province to instruct the jury on the law . . . ."); *United States v. Willie*, 941 F.2d

1384, 1396 (10th Cir. 1991) (holding that the law is given to the jury by the court and not

introduced as evidence because it would be "most confusing to a jury to have legal material

3

introduced as evidence and then argued as to what the law is or ought to be . . . .").   Accordingly,
the federal courts of appeal have repeatedly upheld decisions by district courts refusing to admit
legal materials offered by a defendant as exhibits in criminal tax trials.   *See, e.g., United States v.
Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) (trial court properly refused to admit court cases); *United
States v. Payne*, 978 F.2d 1177, 1182 (10th Cir. 1992) (refusing to admit federal court decision,
copies of the IRC, or defendant's legal research notes); *United States v. Barnett,* 945 F.2d 1296,
1301 n.2 (5th Cir. 1991) (trial court acted properly in excluding multiple volumes of the IRC, the
United States Constitution, an IRS Privacy Notice Act, the Black's Law Dictionary definition of
"income", the Texas State Constitution, and an IRS handbook for special agents); *United States v.
Willie*, 941 F.2d 1384, 1391-97 & n.11 (10th Cir. 1992) (trial court properly refused to admit the
U.S. Constitution, legal decisions, or other historical materials); *United States v. Fingado*, 934
F.2d 1163, 1164 (10th Cir. 1991) (refusing to allow defendant to testify about a civil court case on
which he ostensibly relied in forming his views about the tax laws); *United States v. Flitcraft*, 803
F.2d 184, 185-186 (5th Cir. 1986); *United States v. Kraeger*, 711 F.2d 6, 7-8 (2d Cir. 1983)
(excluding federal court decisions proffered by a tax protester); *United States v. Cooley*, 501 F.2d
1249, 1253-54 (9th Cir. 1974) (refusing to admit U.S. Supreme Court decisions, IRS training
manual, and materials from the Congressional Record).

Similarly, the courts have typically refused to permit tax defier publications and seminar
materials to be introduced into evidence at trial. *See Stafford*, 983 F.2d at 27-28 (excluding
magazine and newspaper articles proffered by defendant); *Payne*, 978 F.2d at 1181-82 (refusing
to admit book by Irwin Schiff); *Barnett*, 945 F.2d at 1301 & n.2 (refusing to admit tax protester
books); *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (excluding tax protester

publications and seminar materials); *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985)

(excluding portions of tax protester books that included general criticisms of the tax system and

raised questions about its constitutionality). *Cf. United States v. Fingado*, 934 F.2d at 1164

(admitting book by tax protester advocate, but taping it shut so that jury could not review its

contents).   In a related context, the Fourth Circuit upheld a district court's refusal to allow a

defense witness to testify that, based upon his examination of codes in the defendant's individual

IRS Master File, it was his conclusion that the IRS collection branch did not believe the defendant

was obligated to submit tax returns. *United States v. Sasscer,* 25 F.3d 1042 (4th Cir. 1994).

(unpublished) ("the collection branch's belief concerning his duty to file was not relevant to

whether [Sasscer] was obligated to file a return").   The Defendant can present legal arguments to

the Court in a trial brief or through proposed jury instructions. The Court can then determine the

law and present it to the jury after all the evidence has been presented. While documentary

materials of the character set forth above are generally not admitted into evidence, a defendant is

entitled to a reasonable opportunity to testify about the materials upon which he or she relied. *See*

*United States v. Hairston*, 819 F.2d at 973 (upholding district court's decision to exclude tax

protester materials based on conclusion that allowing the defendant to quote titles, read passages,

and summarize materials properly minimized the risk of jury confusion while allowing the

defendant to present a defense, and further noting that "direct testimony from Mr. Hairston

regarding the effect these seminars and publications had on his understanding of the tax law filing

requirements was more probative of his proffered defense than the materials themselves.");

*Middleton*, 246 F.3d 825, 838-40 (6th Cir. 2001); *Stafford*, 983 F.2d at 28; *Payne*, 978 F.2d at

1181; *Barnett*, 945 F.2d at 1301 (noting that once the trial court allows testimony about the basis

for the defendant's views, "the documents themselves become cumulative and the potential for jury confusion is minimized"); *Fingado*, 934 F.2d at 1165; *Latham*, 754 F.2d at 751.   However, courts may appropriately impose reasonable limitations on the defendant's testimony if it becomes cumulative and could confuse the jury. *Sasscer*, 25 F.3d 1042.

### B.       Defendant Should be Precluded from Offering Evidence that is Substantially More Prejudicial than Probative

Even if certain evidence is relevant, the Court may exclude it if the "probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.   Absent abuse of discretion, a district court's ruling under Rule 403 is final. *See United States v. Young*, 248 F.3d 260, 266 (4th Cir. 2001).

Superfluous legal and pseudo-legal materials are highly likely to be confusing to the jury, cumulative of the Defendant's testimony (if he testifies), and prejudicial if the legal arguments presented are contrary to the law or take the law out of context.

"[T]he district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law. . ." *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005).   Admission into evidence of written copies of court opinions, statutes, and regulations amounts to legal instruction and only serves to confuse the jury as to the law and invites disagreement with the Court's final instructions. *See United States v. Flitcraft*, 803 F.2d at 186 (holding that case law and other documents offered by the defendant as evidence of reliance were properly excluded as they suggested to the jury that the law was unsettled and that the jury should resolve the legal uncertainty); *see also United States v. Barnett*, 945 F.2d at 1301; *Simkanin*, 420 F.3d at 412.   *See also United States v. Middleton*, 246 F.3d 825, 838-39 (6th Cir.

6

2001) ("[w]here a district court believes that the probative value of proffered exhibits used to support a good-faith defense would be outweighed by possible confusion of the issues, it may properly refuse to receive such exhibits into evidence.").

It is anticipated the Defendant will attempt to utilize a "strawman" defense in this case. The "EFT" checks , along with the documents the Defendant has submitted to eliminate his debt shows the Defendant believes these EFT's are negotiable instruments that was designed to draw on his account that he believes was set aside for him by the Department of the Treasury.   Obviously, the United States Treasury has not set aside an account for every United States citizen, to include the Defendant.

During criminal trials, sovereign citizens often invoke, usually out of context, portions of the following legal resources: U.C.C. provisions, admiralty and maritime law, the Federal Rules of Civil Procedure, definitions of legal terms from Black's Law Dictionary, and other obscure treaties and other legal authorities.   The United States moves to prohibit the Defendant from making similar improper arguments related to inapplicable law. *See United States v. Johnson*, 610 F.3d 1138, 1140 (9th Cir. 2010) ("[Defendants] were adamant in their desire to represent themselves and assert an absurd legal theory wrapped up in Uniform Commercial Code gibberish. . . . The record clearly shows that the defendants are fools, but that is not the same as being incompetent."); *Mitchell*, 405 F. Supp. 2d at 603-04 (stating that defendants' "arguments are patently without merit.   Perhaps they would even be humorous–were the stakes not so high. To begin with the U.C.C. has no bearing on criminal subject matter jurisdiction."); *Black v. Florida,* 2009 WL 1605410 (N.D. Fla. June 4, 2009).

### C.        Rules of Evidence Applicable to Government's Motion in *Limine*

Under federal law, the defendant's anticipated arguments and supporting "evidence" are irrelevant or otherwise inadmissible because they are incorrect characterizations of the applicable law in the case, they constitute hearsay, or their probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or potential to mislead the jury. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also Old Chief v. United States*, 519 U.S. 172, 178 (1997) (quoting Rule 401); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786, 2794 (1993) (quoting Fed. R. Evid. 401). It is axiomatic that irrelevant evidence is not admissible at trial. Fed. R. Evid. 401, 402; *see also, Noel Shows, Inc. v. United States*, 721 F.2d 327, 320 (11th Cir. 1983) ("If it is not relevant, the evidence is inadmissible under FRE 402, and 403 never comes into play.").   The determination whether evidence is relevant is committed to the broad discretion of the court.   *United States v. Ahangaran*, 998 F.3d 521, 525 (7th Cir. 1993).

Like other sovereign citizen, the defendant's anticipated legal defense and anticipated supporting "evidence" are, at best, misinterpretations of inapplicable law that the defendant steadfastly adheres to by intentionally blinding himself from reality. At worst, the defendant is using his "evidence" as part of scheme designed to hijack a fair trial and he is endeavoring to mislead jurors and to achieve jury nullification.   In either instance, the supporting "evidence" relied on by the defendant does not tend to make the existence of any fact of consequence to the determination of action more or less probable than it would otherwise be without the evidence.

Even if evidence is relevant, Rule 403 provides that a federal district court may exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, jury confusion or unnecessary delay. Fed. R. Evid. 403; *see also Old Chief*, 519 U.S. at 180.   In determining whether the probative value of proffered evidence is substantially outweighed by the danger of unfair prejudice, a court must consider whether the evidence will create "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief, 519 U.S.* at 180 (quoting Advisory Committee Notes to Rule 403); *In re Paoli Railroad Yard PCB Litigation,* 113 F.3d 444, 452 (3d Cir. 1997) ("In making a Rule 403 determination, the court must balance the genuine need for the challenged evidence against the risk that the information will confuse the jury and delay trial."); *United States v. Herman*, 589 F.2d 1191, 1198 (3d Cir. 1978).

## CONCLUSION

For the above-stated reasons, the government respectfully requests that the Court exclude evidence, testimony, argument and /or exhibits that is irrelevant, is substantially more prejudicial than probative and invades the province of the court to instruct on the law.

DATED this   25th   day of July, 2014.


Respectfully submitted,
CHRISTOPHER A. CROFTS
United States Attorney


By:        */s/ Stephanie I. Sprecher*
STEPHANIE I. SPRECHER
Assistant United States Attorney

9

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of July, 2014, I served true and correct copies of the foregoing upon James H. Barrett via CM/ECF and upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Marvin L. Iverson**
C/O Scotts Bluff County Adult Detention Center
P.O. Box 130
Gering, NE 69341


_____/s/ Lisa Wait_____
UNITED STATES ATTORNEY'S OFFICE